IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATTY MANDO | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:06CV698-LG-RHW |
| | § | |
| C.A.L. REALTY GROUP, INC. | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER COMES BEFORE THE COURT on the defendant, C.A.L. Realty Group, Inc.'s ("CAL's") Motion for Summary Judgment [23]. Patty Mando ("Plaintiff") has filed a Response, and CAL has filed a Reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that there are genuine issues of material fact regarding whether Plaintiff was exempt from the overtime compensation requirements of the Fair Labor Standards Act. However, the Court finds that CAL is entitled to summary judgment as to Plaintiff's fraudulent misrepresentation claim and equitable estoppel claim. Accordingly, the Motion for Summary Judgment [23] will be granted in part and denied in part.

## FACTS

On June 13, 2006, Plaintiff filed suit against her former employer, CAL, alleging that it misclassified her as an exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§203-219. At the time in question, CAL was a real estate company that owned and managed rental properties on the Mississippi Gulf Coast. Plaintiff seeks overtime compensation and alleges that CAL fraudulently misrepresented that she was an exempt employee under the FLSA.

When Plaintiff was initially hired by CAL in October of 2000, she worked as a Property Manager, responsible for all of CAL's rental units in the Long Beach area. Beginning in January of 2004, Plaintiff was responsible for all of CAL's rental units from Long Beach to Ocean Springs.

On May 25, 2005, she was promoted to Operation Superintendent. She alleges that she worked an average of twenty to twenty-five hours of overtime per week between October of 2000 and May 25, 2005. She admits that she did not work any overtime after being promoted to the position of Operation Superintendent. At her deposition, Plaintiff testified that she was responsible for renting units, running credit checks on potential tenants, collecting rent, inspecting rental units, handling evictions, issuing maintenance orders, enforcing rental complex rules, handling tenant problems, determining when to advertise properties, and preparing reports concerning occupancy. (Ex. A to Pl.'s Resp. at 17-18, 20, 114-15).

## DISCUSSION

Pursuant to FED. R. CIV. P. 56, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett,* 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in one week. 29 U.S.C. §§203-219. However, employees who work in a bona fide executive, administrative, or professional capacity are exempted from this requirement. 29

U.S.C. §213.  FLSA exemptions are construed narrowly, and the employer has the burden of proving that an employee is exempt from the FLSA's overtime compensation provisions. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).  Although the ultimate question of whether an employee's particular activities exclude her from the overtime benefits of the FLSA is a question of law, the necessary determinations regarding the employee's employment history and job duties are questions of fact.  *Cheatham*, 465 F.3d at 584; *see also, Smith v. City of Jackson, Miss.*, 954 F.2d 296, 297 (5th Cir. 1992).  The parties agree that Plaintiff does not qualify for the professional exemption, but CAL argues that Plaintiff qualifies for the administrative exemption and also for the executive exemption during part of her employment.

### THE ADMINISTRATIVE EXEMPTION

Prior to August 23, 2004, the administrative exemption of the FLSA applied where the employee earned a salary of at least $250 per week; spent fifty percent or more of his or her time performing office or non-manual work related to management policies or general business operations; and customarily and regularly exercised discretion and independent judgment in the performance of his or her job duties.  29 C.F.R. §541.2 (2001).  Effective August 23, 2004, the administrative exemption applied where the employee was compensated at a salary of not less than $455 per week; the employee's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and the employee's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. §541.200-204.

The parties do not dispute that Plaintiff earned more than $455 per week and that her primary duty was the performance of office or non-manual work.  However, Plaintiff argues that she lacked the exercise of discretion and independent judgment necessary to qualify for the

administrative exemption under either standard.  Additionally, she argues that her duties were not related to the management policies or general business operations of CAL.  The Department of Labor Regulations provide: "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 C.F.R. §541.202(a).  The Regulations state that the following factors should be considered when determining whether an employee exercises discretion and independent judgment:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has the authority to waive or deviate from established policies and procedures without prior approval; whether the employees has the authority to negotiate and bind the company on significant matters; . . . and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. §541.202(b).  In order to meet the requirement that the employee's work be directly related to management or general business operations, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a product line or selling a product in a retail or service establishment."  29 C.F.R. §541.201(a).  The Regulations provide examples of work that would be considered directly related to management or general business operations, such as: tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, and human resources.  29 C.F.R. 541.201(b).

   At her deposition, Plaintiff testified that she exercised discretion in determining the frequency of inspections of rental properties, in determining whether to advertise properties, in

managing her budget for each property, in handling problems that arose at the properties, in handling emergency maintenance calls beginning in 2005, and in recommending whether a tenant's deposit should be returned.  (Ex. 1 to Def.'s Mot. at 23,24-26, 43, 71, 81, 97).  However, she testified that she was only able to exercise discretion with emergency maintenance issues, that advertising was rarely necessary for the properties she managed, that at times she only had the discretion concerning expenses under $100.00, that property managers were only given a budget in the last five months of her employment, and that she did not have authority to make the final decision concerning the return of deposits.  (Ex. 1 to Def.'s Mot. at 24, 41, 43, 81, 96).  Furthermore, Plaintiff argues that her duties were clerical in nature, and therefore, she was not assisting with the running of CAL's business.  It is thus the opinion of the Court that there are genuine issues of material fact concerning the extent of Plaintiff's discretion and the extent to which her duties concerned CAL's general business operations.  Therefore, the Court cannot conclude as a matter of law that Plaintiff was exempt from the requirements of the FLSA pursuant to the administrative exemption.

### THE EXECUTIVE EXEMPTION

In order to qualify for the executive exemption, Plaintiff must have customarily and regularly directed the work of two or more other full-time employees.  *See* 29 C.F.R. §541.100-106.  Additionally, she must have either had the authority to hire or fire other employees, or her suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of another employee must have been given particular weight.  *See id.*  CAL argues that Plaintiff was properly classified as an exempt employee under the executive exemption between January 1, 2005, and May 25, 2005, because two maintenance employees reported to her during that time.  However, Plaintiff denies that she exercised any supervisory or managerial

control over these employees. CAL asks the Court to disregard Plaintiff's testimony that she exercised no authority over these employees, since her signature is on certain documents concerning the discipline and termination of one of the maintenance employees. However, the Court cannot make such a credibility determination when deciding a Motion for Summary Judgment. *See Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)(explaining that a court cannot weigh the evidence or evaluate the credibility of witnesses when considering a motion for summary judgment). Due to Plaintiff's testimony that she did not have any authority over any other employees, the Court finds that a genuine issue of material fact exists as to whether Plaintiff was properly classified as exempt pursuant to the executive exemption.

## PLAINTIFF'S FRAUDULENT MISREPRESENTATION CLAIM

CAL also argues that it is entitled to summary judgment with regard to Plaintiff's fraudulent misrepresentation claim. In order to demonstrate fraudulent misrepresentation, Plaintiff must demonstrate the following elements by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Franklin v. Lovitt Equip. Co.*, 420 So. 2d 1370, 1373 (Miss. 1982). In support of her fraudulent misrepresentation claim, Plaintiff relies on the deposition testimony of Bill Rodwell, the 30(b)(6) representative of CAL, that CAL had told Plaintiff that she was exempt from the overtime requirements and that CAL had conferred with its lawyers regarding whether its employees were entitled to overtime compensation. However, Mr. Rodwell's testimony actually supports CAL's argument that it did not knowingly make a misrepresentation to

the Plaintiff.  Mr. Rodwell testified that CAL would never intentionally mis-classify an employee. (Ex. B to Pl.'s Resp. at 97).  Plaintiff has not presented any evidence that CAL knowingly misrepresented that she was an exempt employee.  *See Anderson,* 477 U.S. at 256-57 (holding that the non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial).  Therefore, since Plaintiff cannot demonstrate a necessary element of her claim, CAL is entitled to summary judgment as to her fraudulent misrepresentation claim.

## EQUITABLE ESTOPPEL

The statute of limitations for FLSA claims is generally two years, but may be extended to three years upon a finding that the violation was "willful."  29 U.S.C. § 255(a).  Thus, CAL argues that Plaintiff can only seek back wages from June 13, 2004, two years prior to the filing of this lawsuit, to May 25, 2005, the date on which she was promoted to a position that did not require overtime work.  However, Plaintiff argues that the statute of limitations should be tolled pursuant to the doctrine of equitable estoppel.

Equitable estoppel is read into every federal statute of limitation.  *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).  The Fifth Circuit has held that:

> The plaintiff bears the burden of presenting facts "which, if true, would require a court as a matter of law to estop the defendant from asserting the statute of limitations."  The doctrine of equitable estoppel is deeply rooted in the equitable principle that no one should be permitted to profit from his own wrongdoing in a court of justice.  The rule does not hinge on intentional misconduct on the defendant's part.  Rather, the issue is whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the limitations period.

*McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 865-66 (5th Cir. 1993)(citations omitted).  The doctrine of equitable estoppel "'focuses on whether the defendant acted *affirmatively* to stop or delay the plaintiff from bringing suit within the limitations period.'  It

requires that a defendant take active steps such as destruction of evidence or promises not to plead the statute of limitations as a defense." *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998). In support of her equitable estoppel argument, Plaintiff claims that CAL induced her not to file suit within the limitations period when it informed employees during a staff meeting that they were not entitled to overtime compensation. (Ex. 1 to CAL's Mot. at 65-67). It is the opinion of the Court that the alleged conduct by CAL is insufficient to justify equitable estoppel. Therefore, the Court holds that Plaintiff can only seek back wages from June 13, 2004 to May 25, 2005, since the statute of limitations bars all previous claims for overtime compensation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [23] filed by Defendant, C.A.L. Realty Group, Inc., is **GRANTED** as to Plaintiff, Patty Mando's fraudulent misrepresentation claim and equitable estoppel claim, and is **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE